IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVERETT E. SMITH, | : |
| Plaintiff, | : |
| v. | : Civ. No. 16-503-LPS |
| STATE OF DELAWARE, | : |
| Defendant. | : |

Everett E. Smith, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

February 21, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Everett E. Smith ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action as a motion for a temporary restraining order and preliminary injunction to enforce the terms of a settlement agreement entered into between the United States of America ("U.S.A.") and the State of Delaware ("State") in Civ. No. 11-591-LPS.[1] (D.I. 3) Plaintiff's supporting memorandum of law states that this is a civil rights action brought under 42 U.S.C. § 1983.[2] (D.I. 4) Hence, it seems that Plaintiff has filed a combined complaint and motion for injunctive relief. Plaintiff filed a renewed motion for injunctive relief on September 6, 2016. (D.I. 11) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## II. BACKGROUND

Plaintiff states that "this is a civil rights action brought under 42 U.S.C. § 1983. He alleges that he is being denied his rights under 11 Del. C. §§ 408[3] and 6525[4] and as a class member of a settlement agreement entered into between the U.S.A. and the State on July 15, 2011. The

---

[1] The pleading names the U.S.A. as a co-plaintiff. Plaintiff, however, is not an attorney and may not file actions on behalf of the U.S.A. The Court considers the case as filed only on behalf of Plaintiff.

[2] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[3] Provides for verdicts in criminal matters of "guilty, but mentally ill" followed by confinement in the Delaware Psychiatric Center ("DPC").

[4] Provides for the treatment of inmates with mental illnesses and serious mental disorders.

1

agreement was intended to ensure the State's compliance with the Americans with Disabilities Act, 42 U.S.C. § 12101, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and their implementing regulations, which require, among other provisions, that, to the extent the State offers services to individuals with disabilities, such services shall be provided in the most integrated setting appropriate to meet their needs. (*See* Civ. No. 11-591-LPS at D.I. 5) Plaintiff alleges that he falls under the target classification set forth in Section II.B. of the settlement agreement, specifically:

> 2.b. People who have been discharged from DPC within the last two years and who meet any of the criteria below;
>
> 2c. People who are, or have been, admitted to private institutions for mental disease in the last two years; and
>
> 2.e. People with a serious and persistent mental illness who have been arrested, incarcerated, or had other encounters with the criminal justice system in the last year due to conduct related to their serious mental illness.

(*See* D.I. 3 at 2; Civ. No. 11-591-LPS at D.I. 5 at 3)

Plaintiff alleges that he has a lengthy history of mental health issues.[5] Plaintiff explains that he was arrested on November 27, 2012, for robbery second degree, and requested mental health court as an alternative disposition, pursuant to the settlement agreement, but his request was denied. (D.I. 3 at 2) Plaintiff alleges that the State violated his constitutional rights by equating 11 Del. C.

---

[5]Docket Item 13 indicates that, pursuant to a court order entered in the Superior Court of the State of Delaware in and for New Castle County, dated March 4, 2013, Plaintiff was referred to the DPC for a mental health examination, to assess Plaintiff and offer an opinion on his competence to stand trial, as well as to offer an opinion on his mental status at the time of the alleged offense. (*See* D.I. 13) The report found Plaintiff competent to stand trial and provided no opinion on Plaintiff's mental status at the time of the alleged offense. (*Id.* at 13)

2

§ 401[6] with being aware of his predicament and appreciation of his charges. He further alleges that he was denied his right to a competency hearing pursuant to 11 Del. C. §§ 401-408.[7] (*See* D.I. 4) Plaintiff seeks injunctive relief.

---

[6]The statute provides:

> (a) In any prosecution for an offense, it is an affirmative defense that, at the time of the conduct charged, as a result of mental illness or serious mental disorder, the accused lacked substantial capacity to appreciate the wrongfulness of the accused's conduct. If the defendant prevails in establishing the affirmative defense provided in this subsection, the trier of fact shall return a verdict of "not guilty by reason of insanity."
>
> (b) Where the trier of fact determines that, at the time of the conduct charged, a defendant suffered from a mental illness or serious mental disorder which substantially disturbed such person's thinking, feeling or behavior and/or that such mental illness or serious mental disorder left such person with insufficient willpower to choose whether the person would do the act or refrain from doing it, although physically capable, the trier of fact shall return a verdict of "guilty, but mentally ill."
>
> (c) It shall not be a defense under this section if the alleged insanity or mental illness was proximately caused by the voluntary ingestion, inhalation or injection of intoxicating liquor, any drug or other mentally debilitating substance, or any combination thereof, unless such substance was prescribed for the defendant by a licensed health-care practitioner and was used in accordance with the directions of such prescription. As used in this chapter, the terms "insanity" or "mental illness" do not include an abnormality manifested only by repeated criminal or other antisocial conduct.

11 Del. C. § 401.

[7]The Court takes judicial notice that the Delaware Supreme Court has stated of Plaintiff, "the record reflects that there was no request for a competency hearing after the DPC submitted its evaluation of [Plaintiff's] competency to stand trial and [Plaintiff] refused to participate in DPC's evaluation of his competency for sentencing." *Smith v. State*, 2015 WL 504817, at *4 (Del. Feb. 4, 2015).

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See*

*Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Eleventh Amendment

To the extent Plaintiff seeks to raise claims against the State pursuant to 42 U.S.C. § 1983, these claims are barred by reason of the State's immunity from suit under the Eleventh Amendment. The Eleventh Amendment protects States and their agencies and departments from suit in federal court. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court – although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks–McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007).

Therefore, the Court will dismiss the State as a defendant, as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

### B. Statute of Limitations

In addition, to the extent Plaintiff intends his filing to proceed as a complaint pursuant to 42 U.S.C. § 1983, the claims are time-barred. Plaintiff explains that when he was arrested in November 2012, he requested mental health court as an alternate, pursuant to the terms of the July 2011 settlement agreement.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a

two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. Nov. 30, 2010) (internal quotation marks omitted).

Plaintiff complains of acts occurring in 2012. The Court takes judicial notice that Plaintiff was convicted on September 6, 2013, after a three-day trial, declared a habitual offender on December 13, 2013, and sentenced on March 13, 2014. *See Smith v. State*, 2015 WL 504817, at *1 (Del. Feb. 4, 2015). Plaintiff did not file his Complaint until June 20, 2016.[8] Hence, it is evident from the face of the Complaint that his claims are barred by the two year limitations period.

---

[8]The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule." In *Houston v. Lack*, 487 U.S. 266 (1988), the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court. While *Houston* dealt specifically with the filing of a habeas appeal, the decision has been extended by the Court of Appeals for the Third Circuit to other prisoner filings. *See Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002).

Here, Plaintiff's combined complaint and motion was signed on June 20, 2016, and the envelope it was mailed in is post-marked June 21, 2016. Therefore, applying the mailbox rule and taking the situation in the light most favorable to Plaintiff, the Court concludes that Plaintiff's Complaint was filed on June 20, 2016, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware for mailing.

7

Because Plaintiff's allegations are time-barred, the Court will dismiss the § 1983 claims as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### C. Settlement Agreement

Plaintiff moves to enforce the settlement agreement between the U.S.A. and the State (D.I. 1, 11), presumably pursuant to Fed. R. Civ. P. 71 (enforcing relief for or against a nonparty). The settlement agreement at issue contains the following clause regarding third-parties:

> No person or entity is intended to be a third-party beneficiary of the provisions of this settlement agreement for purposes of any other civil, criminal, or administrative action, and accordingly, no person or entity may assert any claim or right as a beneficiary or protected class under this settlement agreement in any separate action. This settlement agreement is not intended to impair or expand the right of any person or organization to seek relief against the State or [its] officials, employees, or agents.

(Civ. No. 11-591-LPS at D.I. 5 at I.G)

The Court ordered that the settlement agreement signed by the U.S.A. and the State be entered as an order of the Court, and the Court retained jurisdiction to enforce the terms of the settlement until the case was dismissed. (*Id.* at D.I. 6) On October 6, 2016, the U.S.A. and the State moved for dismissal of Civ. No. 11-591-LPS on the grounds that Defendant had implemented and maintained implementation of the provisions of the settlement agreement. (*Id.* at D.I. 184) On October 11, 2016, the Court granted the motion to dismiss, terminated the settlement agreement, and dismissed with prejudice Civ. No. 11-591-LPS, relying on the findings of the independent court monitor. (*Id.* at D.I. 186)

Plaintiff's motion for injunctive relief is moot. In addition to Civ. No. 11-591-LPS now having been dismissed, the very terms of the settlement agreement, entered as an order, are clear that no person or entity, such as Plaintiff, was intended to be a thirty-party beneficiary.

8

Therefore, the Court concludes that Plaintiff lacks standing to enforce the settlement agreement as a nonparty under Rule 71. The Court will deny the pending motions. (D.I. 1, 11)

## V. CONCLUSION

For the above reasons, the Court will: (1) deny the motions for injunctive relief (D.I. 1, 11); and (2) dismiss the complaint, as the State is immune from suit and as legally frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (iii) and 1915A(b)(1), (2). Amendment is futile.

An appropriate Order follows.